UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND,<br>1800 Massachusetts Ave, Suite 301<br>Washington, D.C. 20036,<br><br>and<br><br>BOARD OF TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND,<br>1800 Massachusetts Ave, Suite 301<br>Washington, D.C. 20036,<br>     *Plaintiffs,*<br>v.<br><br>FAIR HAVENS CENTER, LLC<br>5151 Church Street<br>Skokie, IL 60077<br><br>Registered Agent for Service:<br>Incorp Services, Inc<br>17888 67th Court North<br>Loxahatchee, FL 33470<br>     *Defendant.* | Case No: 1:20-cv-1075<br><br>**Additional Required Service under 29 U.S.C. § 1132(h) to:**<br><br>**U.S. Department of Labor**<br>**Attn: Assistant Solicitor**<br> **for Plan Benefits Security**<br>**200 Constitution Ave., N.W.**<br>**Washington, DC 20210**<br><br>**U.S. Department of Treasury**<br>**Attn: Secretary of the Treasury**<br>**1500 Pennsylvania Avenue, NW**<br>**Washington, D.C. 20220** |

**COMPLAINT UNDER ERISA FOR CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, REMITTANCE REPORTS, ATTORNEYS FEES AND COSTS**

**Introduction, Jurisdiction and Venue**

1.  This is a civil action brought by an employee benefit plan, and by the Trustees of an employee benefit plan, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2) and 1145 and Section 301(a) of the Labor Management Relations Act of 1947, *as amended* ("LMRA"), 29 U.S.C. § 185(a), to collect unpaid collectively bargained contributions,

interest, and liquidated damages owed by Defendant and to enforce Defendant's contractual and statutory obligations to provide remittance reports.

2. Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. § 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Service Employees International Union National Industry Pension Fund is administered in this District.

4. Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail on or about the date of filing.

## Parties

5. Plaintiff Service Employees International Union National Industry Pension Fund ("SEIU Pension Fund") is an employee pension benefit plan within the meaning of Sections 3(2), (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The SEIU Pension Fund is and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The SEIU Pension Fund is administered at 1800 Massachusetts Avenue NW, Suite 301, Washington, DC 20036.

6. Plaintiff Trustees of the SEIU Pension Fund, Arun Ivatury, Roderick S. Bashir, Christopher Bouvier, Thomas LaMartina, Edward J. Manko, John J. Sheridan, Frank A. Maxson, Laphonza Butler, David Huerta, and Emanuel Pastreich are the duly authorized Trustees of the

SEIU Pension Fund whose duty it is to administer the SEIU Pension Fund for the benefit of the participants and beneficiaries of the SEIU Pension Fund. Plaintiff Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

7. Defendant Fair Havens Center, LLC ("Fair Havens" or "Defendant") is an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and Sections 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

8. Defendant Fair Havens is a limited liability corporation organized under the laws of the State of Florida with a physical address of 201 Curtiss Parkway, Miami Springs, Florida 33166.  As of March 19, 2020, Fair Havens' mailing address is 5151 Church Street, Skokie, Illinois 60077.

**Factual Background**

9. At all relevant times, the Service Employees International Union, SEIU Florida Health Care Union ("the Union") has been the exclusive bargaining representative for all bargaining unit employees employed by Fair Havens.

10. Fair Havens and the Union entered into a collective bargaining agreement ("CBA") effective for the period of May 16, 2016 through May 16, 2019 for all employees excluding licensed practical nurses, registered nurses, office and clerical employees, supervisors, maintenance personnel, and telephone operators. A true, correct and complete copy of the CBA is attached as Plaintiffs' Exhibit 1.

11. Under Article 25, Section 1 of the CBA, Fair Havens agreed to continue as a participating employer in the SEIU Pension Fund. Ex. 1, Art. 25, Sec. 1. Pursuant to Article 25,

Section 2 of the CBA, Fair Havens is required to continue paying pension contributions in an amount agreed upon by the employer and the Fund for all covered employees. Ex. 1, Art. 25, Sec. 2. Upon information and belief, Fair Havens is required to pay at the rate of $0.20 per hour worked or paid by covered employees. Pursuant to Article 25, Section 3 of the 2012 CBA, Fair Havens is required to remit the contributions for each pay period to the SEIU Pension Fund with a statement showing the name of each employee for whom contributions were made. Ex. 1, Art. 25, Sec. 3.

12.  Fair Havens is obligated to make contributions to the SEIU Pension Fund under the terms of its CBA pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, which provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

13.  By submitting reports and contributions, Defendant agreed to be bound by the SEIU Pension Fund's Agreement and Declaration of Trust ("Trust Agreement"). A true and correct copy of the Trust Agreement is attached hereto as Plaintiffs' Exhibit 2. Pursuant to Section 3.1 of the Trust Agreement, the Trustees are empowered to create and enforce a collection policy for the assessment of unpaid and delinquent contributions. *See* Exhibit 2 at Section 3.1. Accordingly, Defendant is obligated to remit contributions to the SEIU Pension Fund in accordance with the collection policies adopted by the Trustees. A true and correct copy of the Statement of Policy for Collection of Delinquent Contributions ("Collection Policy") is attached as Plaintiff's Exhibit 3.

14. At all relevant times, Section 3.1 of the SEIU Pension Fund's Trust Agreement provides that an employer must submit complete remittance reports to the SEIU Pension Fund with the employer's contributions. The remittance report must contain the names of each covered employee and the number of compensable hours for each employee during the reporting month. Ex. 2, Sec. 3.1.

15. Section 2 of the Collection Policy states that "[i]f the Fund Office has not received complete and correct remittance report(s) necessary to determine the amounts owed by the Employer, the Fund Office shall estimate the contributions due based on the most recent remittance report submitted to the Fund, payroll information, or other basis as reasonably determined by the Fund, and the Employer shall be deemed delinquent in its contributions in that amount on a monthly basis, as a minimum, in any subsequent legal action." Ex. 3, Sec. 2.

16. Section 3.2 of the Trust Agreement and Section 2 of the Collection Policy provide that an employer delinquent in its contribution obligations to the SEIU Pension Fund and the subject of a collection lawsuit is liable for interest at the rate of ten percent (10%) per annum, liquidated damages at the greater of the interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions after the commencement of legal action, and attorneys' fees and costs. Ex. 2, Sec. 3.2; Ex. 3, Sec. 2.

17. Pursuant to the Pension Protection Act of 2006, 29 U.S.C. § 1085 et seq. ("PPA"), the SEIU Pension Fund was determined to be in critical status for the plan years beginning January 1, 2009, January 1, 2010, January 1, 2011, January 1, 2012, January 1, 2013, January 1, 2014, January 1, 2015, January 1, 2016, and January 1, 2017. Participating employers in the Fund were notified of this status via letters sent April 30, 2009, April 30, 2010, April 30, 2011, April 30, 2012, April 30, 2013, April 28, 2014, April 28, 2015, April 28, 2016, April 28, 2017, April 28,

2018, and April 29, 2019. Copies of these letters are attached as Plaintiffs' Exhibit 4.

18.     For plans in critical status, the PPA requires that all contributing employers pay to the plan a surcharge to help correct its financial situation. The amount of the surcharge is equal to a percentage of the amount an employer is otherwise required to contribute to the plan. For the SEIU Pension Fund, a five percent (5%) surcharge was applicable in the initial critical year (2009), and a ten percent (10%) surcharge was applicable in 2010 and for each succeeding plan year thereafter in which the plan is in critical status, until the bargaining parties agree to a Collective Bargaining Agreement that implements the supplemental contribution schedules in the Rehabilitation Plan adopted by the SEIU Pension Fund or the Default Schedule is imposed on the participating employer. Participating employers were notified of the Rehabilitation Plan adopted by the SEIU Pension Fund in November 2009. A copy of this letter is attached as Plaintiffs' Exhibit 5.

19.     Defendant is obligated to remit surcharges and supplemental contributions pursuant to the Fund's Rehabilitation Act.

20.     Defendant has failed to remit contractually required reports and contributions and has failed to pay certain interest charges, liquidated damages, and supplemental contributions due under the PPA to the SEIU Pension Fund for the months of October 2017, December 2017, and January through February 2018.

## COUNT I

21.     Plaintiffs reallege and incorporate Paragraphs 1 through 20.

22.     This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1332(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

23.     Defendant is obligated, under the terms of the Collective Bargaining Agreement, to

provide remittance reports and contributions to the SEIU Pension Fund on behalf of the Defendant's employees.

24. Defendant has failed to submit remittance reports and contributions for the months of October 2017, December 2017, and January through February 2018.

25. Pursuant to Sections 502(g) and 515 of ERISA, 29 U.S.C. §§ 1132(g) and 1145, Plaintiffs are entitled to a judgment in their favor for the unpaid contributions, unpaid supplemental contributions required under the PPA, interest on the unpaid contributions, liquidated damages in the amount of 20 % of the unpaid contributions, reasonable attorney's fees and costs, and such other legal or equitable relief as the court deems appropriate.

26. Prior to commencing this lawsuit, the SEIU Pension Fund sent several letters and attempted to contact the Defendant in efforts to obtain the outstanding remittance reports and contributions from the Defendant for these months. Defendant continues to refuse to provide the missing reports or make payments on the resulting amounts due. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the SEIU Pension Fund, and pay the delinquent and unpaid contributions, liquidated damages and interest due on the delinquent and unpaid contributions.

27. Defendant's continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Pension Fund, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

**WHEREFORE**, Plaintiffs respectfully request that the Court issue an order against Defendant Fair Havens granting the following relief:

1. Declare that Fair Havens has violated its CBA with the Union by failing to remit required reports and contributions to the SEIU Pension Fund;

2. Order Fair Havens to conduct an accounting for all past-due contributions and to provide remittance reports to the SEIU Pension Fund for the months of October 2017, December 2017, and January through February 2018, including additional reports which may become due during the pendency of this action;

3. Enter judgment on behalf of the SEIU Pension Fund against Fair Havens for additional delinquent contributions and supplemental contributions required under the PPA, including amounts which may become delinquent during the pendency of this action, in an amount to be determined once Fair Havens conducts the accounting and provides the SEIU Pension Fund with the delinquent remittance reports;

4. Enter judgment for interest at a rate of 10 percent (10%) per annum on all past-due contributions, in an amount to be determined once Fair Havens provides the SEIU Pension Fund with the delinquent remittance reports;

5. Enter judgment for liquidated damages at the greater of the interest on the delinquent contributions or 20 percent (20%) of the delinquent contributions, in an amount to be determined once Fair Havens provides the SEIU Pension Fund with the delinquent remittance reports;

6. Enter judgment for Plaintiffs' attorneys' fees and costs, as required by Section 502(g) of ERISA;

7. Retain jurisdiction of this case pending compliance with its Orders; and

8. Grant such further relief as the Court may deem appropriate.

        Respectfully Submitted,

        \_\_/s/\_\_ Olga Metelitsa_____
        Olga Metelitsa (DC Bar No. 1016248)
        Mooney, Green, Saindon, Murphy
          & Welch, P.C.
        1920 L Street, N.W. Suite 400
        Washington, D.C.  20036
        (202) 783-0010
        ometelitsa@mooneygreen.com

        *Counsel for Plaintiffs*

Date: April 24, 2020

**CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)**

I hereby certify that on this 24th day of April, 2020, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, ATTORNEYS FEES, AND COSTS was served via certified mail on:

U.S. Department of Labor
Attn: Assistant Solicitor for Plan Benefits Security
200 Constitution Ave., N.W.
Washington, DC 20002

U.S. Department of Treasury
Attn: Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

                                              /s/ Olga M. Thall
                                            Olga M. Thall